UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| FAIRMONT SPECIALTY INSURANCE COMPANY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 2:10 CV 070 |
| 1039012 ONTARIO, INC, d/b/a HUMMER TRANSPORTATION, LTD., KIMBERLY SPOA-HARTY, AND JESSE HARTY, | ) |
| Defendants. | ) |
| _____/ | |
| KIMBERLY SPOA-HARTY AND JESSE HARTY, | ) |
| Counter-claimants | ) |
| v. | ) |
| FAIRMONT SPECIALTY INSURANCE COMPANY | ) |
| Counter-Defendant | ) |

## OPINION AND ORDER

After being injured in an accident with a tractor-trailer, Defendants Kimberly Spoa-Hoarty and Jesse Harty ("the Hartys") filed suit in state court against 1039012 Ontario Inc, d/b/a Hummer Transportation, Ltd ("Ontario"), the lessee of the tractor-trailer involved in the accident and Hummer Transportation, Inc. ("Hummer"), the lessor of the tractor-trailer. A state court jury awarded the

1

Hartys in excess of five million dollars.[1] Thereafter, the Hartys sought payment of Ontario's liability under the judgment from Plaintiff, Fairmont Specialty Insurance Co. ("Fairmont"), based upon an MCS-90 endorsement policy issued to Ontario. Fairmont, in turn, filed the present declaratory judgment action wherein it named Ontario, and the Hartys as defendants. On August 19, 2011, the undersigned granted, in part, the Hartys' Motion for Summary Judgment and concluded that the MCS-90 endorsement policy was applicable to this case. [DE 53]. After requesting supplemental briefing on the issue of prejudgment interest as well as the amount the Hartys' were entitled to under the endorsement policy, the court ordered Fairmont to pay the full amount of the policy limits. With respect to prejudgment interest, the court interpreted the Hartys' request to be a request for post-judgment interest on the underlying judgment and determined that the state court that entered the judgment should assess post-judgment interest.[2] The Clerk was directed to enter judgment in favor of the Hartys in the amount of $1,000,000.

The Hartys have now filed the present Motion to Alter or Amend Judgment [DE 65] seeking to clarify their request for prejudgment interest. For the following reasons, the Hartys' Motion will be GRANTED. The judgment will be amended to include prejudgment interest in the amount of $207,342.38..

**APPLICABLE STANDARD**

Motions to alter or amend a judgment serve a limited function. To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest

---

[1] Kimberly Spoa-Harty was awarded $4,270,000. Her husband, Jesse, was awarded $950,000.

[2] The Court interpreted the Hartys' request to be seeking duplicative interest – one for post-judgment interest in the state action and a request for prejudgement interest in the federal action. Accordingly, the Court denied the Hartys' request.

2

error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006). The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *Id.* The Seventh Circuit has explained that a "manifest error" occurs when "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990); *see also Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir.2000) (describing "manifest error" as a "wholesale disregard, misapplication, or failure to recognize controlling precedent").

## DISCUSSION

In its motion, the Hartys assert that the Court failed to understand their argument seeking prejudgment interest. In particular, they take issue with the court's conclusion that they sought a duplicate recovery and argue that there can be no duplicative interest recovery as the Court interpreted the issue in its original order. According to the Hartys, the judgment obtained against Ontario in state court accrues post-judgment interest from the date of verdict to the date of satisfaction in the amount of 8% per annum. See Ind. Code §24-4.6-1-101. As for prejudgment interest against Fairmont, the Hartys contention is two-fold. First, they assert that they are entitled to prejudgment interest because their damages for breach of the insurance contract are ascertainable. *See Noble Roman's, Inc. v. Ward,* 760 N.E.2d 1132, 1140 (Ind.Ct.App.2002) ("The test for determining whether an award of prejudgment interest is appropriate is whether the damages are complete and may be ascertained as of a particular time."); and second, they contend that when the parties do not agree on the interest rate, the rate of prejudgment interest according to Indiana statute

3

is 8% per annum until payment of judgment. Ind.Code 24-4.6-1-102. Thus, the Hartys argue that they are entitled to prejudgment interest from Fairmont at a rate of 8%, which equals $207,342.38.. They then go on to acknowledge that upon Fairmont's payment of the $1 million policy limits and the 8% in prejudgment interest to the Hartys, a partial satisfaction of the judgment entered against Ontario will be entered thereby precluding them from receiving additional post-judgment interest in the state court proceeding on the satisfied amount.

In response, Fairmont spends much of its brief arguing about whether the Hartys' motion is proper at all and devotes very little discussion to defending its position that the Court correctly assessed no prejudgment interest against them. When Fairmont does address the issue of the amount and/or propriety of interest, it argues that **if** the court does determine that prejudgment interest is appropriate, it should be calculated based upon the federal prime rate of 3.25% and not Indiana's statutory rate. *See Schmizzi v. Illinois Farmers Ins. Co.,* 928 F.Supp. 760, 788 (N.D. Ind. 1996) *citing Travelers Ins. Co. v. Transport Ins. Co.,* 846 F.2d 1048, 1053-54 (7th Cir. 1988) ("[A] federal court must employ the federal rate of interest on judgments rather than Indiana's statutory interest rate."). Otherwise, Fairmont asserts no prejudgment interest is owing.

Having reviewed the briefs presently filed as well as the original briefing submitted by the parties on this issue, the Court agrees with the Hartys that it made an error of misapprehension thereby justifying an amendment to the judgment to award prejudgment interest. As the argument is now articulated it appears that the Court's concern of a duplicative interest award is not a possibility. Moreover, the Court agrees with the Hartys that without the impediment of a double recovery, the Court, sitting in diversity, is required to assess pre-judgment interest under Indiana law. *Travelers Ins. Co. v. Transport Ins. Co.,* 846 F.2d 1048, 1051 (7th Cir. Ind. 1988) (in a

diversity action, state law determines the propriety of prejudgment interest); *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 106 F.3d 1388, 1405 (7th Cir. 1997) ("In diversity cases governed by *Erie*, federal courts look to state law to determine the availability of (and rules for computing) prejudgment interest."). Under Indiana law, "[o]nce it appears that the damages may be ascertained with reasonable precision, an award of prejudgment interest is mandatory." *Hayes v. Chapman,* 894 N.E.2d 1047, 1054-55 (Ind. Ct. App. 2008) quoting *Wash. County Mem'l Hosp. v. Hattabaugh,* 717 N.E.2d 929, 933–34 (Ind.Ct.App.1999). Thus, because the damages are easily ascertainable as the policy limits of $1,000,000, Indiana law requires an award of prejudgment interest to the Hartys.

As for whether to use the federal prime rate or Indiana's statutory rate to calculate the award, it is clear that the *Schmizzi* case cited by Fairmont is at odds with the federal precedent it cites for its proposition that the federal rate is controlling and thus, cannot carry precedential weight in this instance. Indeed, other courts have said as much. See, *Micro Data Base Systems, Inc, v. State Bank of India*, 177 F.Supp.2d 881, 894 (N.D.Ind. 2001). ("[T]o the extent that *Schmizzi* awarded prejudgment interest based upon federal law, 'that decision is erroneous, and should be disregarded.'"); see also, *Travelers Ins. Co. v. Transport Ins. Co.*, 846 F.2d at 1051 (state law applies to calculations of prejudgment interest in diversity cases). Thus, in cases such as this, where the damages are ascertainable and there is no agreement as to the interest rate, Indiana courts apply a prejudgment interest rate of 8%, pursuant to Indiana Code 24–4.6–1–102. According to the Hartys' calculations, prejudgment interest accruing at 8% is the equivalent of $219.178 in daily interest. The total number of elapsed days from the date of the judgment against Ontario until the judgment in this case is 946 days. Therefore, the total amount of prejudgment interest due is

$207,342.38.[3]

## **CONCLUSION**

Based on the foregoing, the Hartys' Motion to Alter or Amend Judgment [DE 65] is GRANTED. The Clerk is directed to amend the Clerk's entry of judgment entered on June 20, 2012 to add prejudgment interest to the underlying judgment in the amount of $207,342.38.

Entered: This 13th day of November, 2012

                                              s/ William C. Lee
                                              United States District Court

---

[3] Neither this total or the manner of calculation using the 8% rate is disputed by Fairmont.